MDR

WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arthur Leon Vitasek, | No. CV 21-01836-PHX-MTL (JZB) |
| Plaintiff, | |
| v. | **ORDER** |
| Amy M. Wood, et al., | |
| Defendants. | |

Plaintiff Arthur Leon Vitasek is confined in The GEO Group's Central Arizona Detention Center. He filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and subsequently paid the filing and administrative fees. The Court will dismiss this action because Plaintiff is seeking monetary damages from immune defendants.

**I.    Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does

not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc). Plaintiff's Complaint will be dismissed because he is seeking monetary damages from immune defendants, without leave to amend because the defects cannot be corrected.

**II.   Complaint**

In his two-count Complaint, Plaintiff names as Defendants Arizona Court of Appeals Judge Randall M. Howe and Arizona Court of Appeals Clerk of Court Amy M. Wood. In both counts, Plaintiff raises claims regarding his access to the courts. He seeks

monetary damages, reimbursement of fees paid to the Court of Appeals, his attorney's fees, and his fees and costs associated with this lawsuit.

In **Count One**, Plaintiff contends he filed a petition for review in the Arizona Court of Appeals, but Defendant Howe "refused to consider [one] constitutional issue[,] claiming 2 pages were missing from the Appellant[']s appeal brief." Plaintiff claims he filed a motion for reconsideration "with the alleged missing pages" and "swore a complete original [had been] sent to the Clerk of the Court." He also mailed Defendant Wood a check "to pay the fee" for the pages Defendant Howe claimed were missing. Plaintiff alleges he received a letter from Defendant Wood "supplying the . . . pages."

Plaintiff asserts he "now ha[d] 100% proof the pages were not missing" and wrote to Defendant Wood "requesting information on scanning procedures and who had access to the Court[']s computer." He claims Defendant Wood, "either by her own accord or by direction from [Defendant] Howe," did not respond to this request or to subsequent requests for the same information.

Plaintiff alleges he also contacted his trial counsel about the situation, and his attorney "wrote an affidavit affirming the Plaintiff was denied a fair trial and effective assistance due to [the issue raised in the petition for review Defendant Howe refused to consider]." He claims the affidavit and a supplement were submitted to Defendant Howe.

On January 12, 2021, Defendant Howe denied Plaintiff's motion for reconsideration without explanation. A week later, Plaintiff allegedly sent Defendant Wood a "notice of intent to sue due to her part in the misconduct [in the appellate court]." On January 27, Plaintiff received an order from Defendant Howe vacating the January 12 Order. Plaintiff claims "[t]here is reason to believe [Defendant] Wood informed [Defendant] Howe about Plaintiff's notice of intent to sue her." On January 28, Plaintiff received another order from Defendant Howe, again denying the motion for reconsideration.[1]

. . . .

---

[1] Plaintiff claims he filed a special action to the Arizona Supreme Court, which the Arizona Supreme Court converted into a petition for review and subsequently denied.

Plaintiff contends there was a "clear d[e]reliction of duties" by Defendant Wood because she failed to scan Plaintiff's document and, "[o]nce apprised of the error," either ignored the error, failed to correct the error, or "conspired with [Defendant] Howe to cover up the error." Plaintiff alleges this deprived him of having his "meritorious issue heard and adjudicated by the State Courts."

In **Count Two**, Plaintiff claims that "[e]ven though there is no evidence at this time" that Defendant Howe deleted or instructed Defendant Wood to delete the pages from Plaintiff's brief, "it stands to reason" because Defendant Howe "did nothing to verify the pages were missing" and "proceeded to the most draconian sanction with no ability for [Defendant Wood] or the Plaintiff to correct the alleged error." Plaintiff asserts that "[e]ven though there is no evidence at this time" that Defendant Wood spoke to Defendant Howe about the error and its need to be corrected, "it stands to reason" because Defendant Howe vacated his order denying the motion for reconsideration after Defendant Wood received the notice of intent to sue and, "once [Defendant] Wood left the Judge's chambers," Defendant Howe "reissued the denial." Plaintiff contends "[t]his action . . . is very suspicious and shows an appearance of impropriety." Plaintiff asserts that in addition to Defendant Howe violating Plaintiff's constitutional rights, Defendant Howe also violated his oath of office and various "Cannons and Rules." Plaintiff alleges Defendant Howe's actions are "not in conjunction with his duties as a judge" and Defendant Howe "exceeded and abused his position to ensure the Plaintiff's constitutional claims would not be overturned" and engaged in "willful misconduct in violation of his oath of office and the Code of Judicial Conduct."

### III.  Dismissal of Complaint

Judges are absolutely immune from § 1983 suits for damages for their judicial acts except when they are taken "in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). An act is "judicial" when it is a function normally performed by a judge and the parties dealt with the judge in his or her

judicial capacity. *Stump*, 435 U.S. at 362; *Crooks v. Maynard*, 913 F.2d 699, 700 (9th Cir. 1990). This immunity attaches even if the judge is accused of acting maliciously and corruptly, *Pierson v. Ray*, 386 U.S. 547, 554 (1967), or of making grave errors of law or procedure. *See Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988).

Likewise, "[c]ourt clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." *Mullis v. United States Bankr. Ct.*, 828 F.2d 1385, 1390 (9th Cir. 1987). Accepting or denying motions or pleadings is an integral part of the judicial process. *Id*. Immunity is not lost because the Clerk makes a mistake or fails to carry out her duties, even when it results in "'grave procedural errors.'" *Id*. (quoting *Stump*, 435 U.S. at 359).

Plaintiff's claims relate to Defendants Howe's and Wood's conduct in Plaintiff's appellate court action. His claims are barred by judicial immunity and quasi-judicial immunity. Thus, the Court will dismiss this action.

**IT IS ORDERED:**

(1)    The Complaint (Doc. 1) is **dismissed** pursuant to 28 U.S.C. § 1915A(b)(2), and the Clerk of Court must enter judgment accordingly.

(2)    The docket shall reflect that the Court, pursuant to 28 U.S.C. § 1915(a)(3), has considered whether an appeal of this decision would be taken in good faith and certifies that an appeal would not be taken in good faith for the reasons stated in the Order and because there is no arguable factual or legal basis for an appeal.

Dated this 8th day of December, 2021.

Michael T. Liburdi
United States District Judge